IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CHRISTOPHER A. DANIEL, Institutional ID No. § § § Plaintiff, § § v. § § JONES COUNTY, 259TH DISTRICT, *et al.*, § § Defendants. § | Civil Action No. 1:25-CV-00001-H-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff CHRISTOPHER DANIEL, initiated this 28 U.S.C. §1983 action against the named defendants, alleging they violated his constitutional rights. Dkt. No. 1. Because the defendants in this case are government officials, Daniel's claims are subject to judicial screening under 28 U.S.C. § 1915. *See* Dkt. No. 1. The case was referred to the undersigned under Special Order 3 and Daniel has not consented to the undersigned exercising this Court's full jurisdiction. Dkt. No. 3.

As explained below, the Court finds that Daniel has failed to comply with its Order to either pay the required filing fee or file an application to proceed *in forma pauperis*. Further, Daniel has failed to keep the Court informed of his current address. For these reasons, the undersigned RECOMMENDS the Court DISMISS Daniel's claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Daniel filed this claim on January 2, 2025. Dkt. No. 1. In its Notice and Instruction to Pro Se Party, the Court instructed Daniel that he must notify the Court in writing if his address changed during the pendency of this case. Dkt. No. 2. The Court warned Daniel that his claims could be dismissed if he failed to keep the Court apprised of his current address. *Id*. The Court repeated this instruction and warning again in its Order to Complete the Magistrate Judge's Questionnaire. Dkt. No. 4 at 2.

Shortly after the transfer of his case, the undersigned ordered Daniel to either pay the filing fee or file an application to proceed *in forma pauperis* (IFP) by no later than February 24, 2025. Dkt. No. 6. Daniel then filed a Motion for an Extension to file his IFP application and provided an updated address with the Clerk's Office. Dkt. Nos. 8, 9. Upon granting Daniel's request for an extension, the Court required Daniel to comply with this Order by no later than March 7, 2025. Dkt. No. 10. When Daniel failed to meet this deadline, the Court entered a show cause order requiring he either pay the filing fee or file for IFP by March 25, 2025. Dkt. No. 12. In this order, the Court warned Daniel that failure to comply would result in dismissal of his claims. *Id*. at 1.

As of the date of this Order, Daniel has done neither. Daniel's inaction is not surprising given that the Order Granting the Extension and the Show Cause Order were both refused and returned to sender, indicating that Daniel's listed address is not current. *See* Dkt. Nos. 11, 13.

## II.  LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id*.

To file a civil action in federal court, generally, the plaintiff must pay a filing fee. 28 U.S.C.A. § 1914. In the Northern District of Texas, the filing fee is $405.00. https://www.txnd.uscourts.gov/fee-payment-schedule. However, a pro se inmate is afforded the opportunity to proceed IFP. An inmate who is granted IFP status is only required to pay part of the filing fee initially, and then is charged monthly until the fee is paid in full. 28 U.S.C. § 1915(a). The application to proceed IFP requires the inmate to file an affidavit of indigency and a certified copy of their trust account for the preceding six months. *Id*.

## III.  ANALYSIS

As discussed above, Daniel has (1) failed to comply with this Court's orders to either pay the filing fee or apply IFP and (2) failed to comply with this Court's orders to

maintain a current address with the Court. These failures support involuntary dismissal under Rule 41(b). *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) ("[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."); *Tello v. Rayford*, No. SA-22-CV-01299-XR, 2023 WL 2336985 (W.D. Tex. Jan. 30, 2023), *appeal dismissed*, No. 23-50156, 2023 WL 5599013 (5th Cir. Aug. 17, 2023) (dismissing a pro se inmate's complaint under 41(b) where he failed to comply with the court's order to either pay the filing fee or file an IFP application). Because there is no evidence that Daniel acted with bad faith or to cause purposeful delay, the undersigned recommends that the dismissal be without prejudice to him refiling his claims.

## IV. CONCLUSION

Given that Daniel has not cured the filing fee deficiency in defiance of this Court's Orders, the undersigned RECOMMENDS that the Court DISMISS Daniel's claims without prejudice.

## V. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the

magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## VI.  TRANSFER OF CASE

Having completed the preliminary screening of Daniel's claims, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:25-CV-00001-H.

ORDERED this 26th day of March 2025.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE